UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ROBERT JULIUS REDDISH,

      Plaintiff,

v.

EPOCA CORP D/B/A BRADLEY
FOUNDATIONS, DAVID BRADLEY,
MATTHEW BRADLEY, SCOTT BRADLEY,

      Defendants.
_____/

# COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, ROBERT JULIUS REDDISH, brings this action against Defendants, EPOCA CORP D/B/A BRADLEY FOUNDATIONS, DAVID BRADLEY, MATTHEW BRADLEY, and SCOTT BRADLEY, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1.    Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.    At all times material hereto, Plaintiff ROBERT JULIUS REDDISH was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3.    At all times material hereto, Defendant, EPOCA CORP D/B/A BRADLEY FOUNDATIONS, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of plumbing and constructions services, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

4. In furtherance of Defendants' plumbing and construction business, Defendants used materials, tools, and machinery that were manufactured outside of Florida.

5. Defendant, DAVID BRADLEY, is a resident of Miami-Dade County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, EPOCA CORP D/B/A BRADLEY FOUNDATIONS; said Defendant acted and acts directly in the interests of Defendant, EPOCA CORP D/B/A BRADLEY FOUNDATIONS, in relation to said co-Defendant's employees. Defendant effectively dominates EPOCA CORP D/B/A BRADLEY FOUNDATIONS administratively or otherwise acts, or has the power to act, on behalf of the corporation relative to its employees and had the authority to direct and control the work of others.

6. Defendant, MATTHEW BRADLEY, is a resident of Miami-Dade County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, EPOCA CORP D/B/A BRADLEY FOUNDATIONS; said Defendant acted and acts directly in the interests of Defendant, EPOCA CORP D/B/A BRADLEY FOUNDATIONS, in relation to said co-Defendant's employees. Defendant effectively dominates EPOCA CORP D/B/A BRADLEY FOUNDATIONS administratively or otherwise acts, or has the power to act, on behalf of the corporation relative to its employees and had the authority to direct and control the work of others.

7. Defendant, SCOTT BRADLEY, is a resident of Miami-Dade County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, EPOCA CORP D/B/A BRADLEY FOUNDATIONS; said Defendant acted and acts directly in the interests of Defendant, EPOCA CORP D/B/A BRADLEY FOUNDATIONS, in relation to said co-Defendant's employees. Defendant effectively dominates EPOCA CORP D/B/A BRADLEY FOUNDATIONS administratively or otherwise acts, or has the power to act, on behalf of the corporation relative to its employees and had the authority to direct and control the work of others.

8. Defendant DAVID BRADLEY had authority to direct and control Plaintiff's schedule, pay, and duties.

9. Defendant MATTHEW BRADLEY had authority to direct and control Plaintiff's schedule, pay, and duties.

10. Defendant SCOTT BRADLEY had authority to direct and control Plaintiff's schedule, pay, and duties.

11. Defendant DAVID BRADLEY was and is an "employer" of Plaintiff within the meaning of 29 U.S.C. §203(d).

12. Defendant MATTHEW BRADLEY was and is an "employer" of Plaintiff within the meaning of 29 U.S.C. §203(d).

13. Defendant SCOTT BRADLEY was and is an "employer" of Plaintiff within the meaning of 29 U.S.C. §203(d).

14. Plaintiff worked for Defendants as a machine operator and laborer.

15. The machines and tools Plaintiff used during his employment were manufactured outside Florida.

16. As part of Plaintiff's employment, Plaintiff handled construction materials that were manufactured outside Florida.

17. During Plaintiff's employment, Defendants failed to pay Plaintiff his full and proper overtime compensation of 1.5 times Plaintiff's regular hourly rate of pay.

18. Attached as <u>Exhibit A</u> is a preliminary calculation of Plaintiff's damages. These amounts may change as Plaintiff engages in the discovery process.

19. Defendants have knowingly and willfully refused to pay Plaintiff his legally-entitled wages.

20. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

21. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

22. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-21 above as if set forth herein in full.

23. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

24. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

## COUNT II
## VIOLATION OF ANTI-RETALIATION PROVISION OF FLSA
## ALL DEFENDANTS

25. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-24 above as if set forth herein in full.

26. Plaintiff complained to Defendants, including Defendant Matthew Bradley, that Plaintiff was not receiving his proper overtime compensation.

27. Shortly after Plaintiff complained about not getting paid his overtime compensation, Defendants reduced and/or eliminated his work schedule in retaliation for Plaintiff's complaints and protestations regarding Plaintiff's unpaid overtime compensation.

28. Defendants constructively discharged Plaintiff by removing him from the work schedule in retaliation for Plaintiff's complaints and protestations regarding his unpaid overtime wages.

29. Defendants' termination of Plaintiff and reduction of Plaintiff's work schedule was retaliation against Plaintiff in violation of 29 U.S.C. section 215(a)(3).

30. As a direct and proximate result of Defendants' retaliation, Plaintiff has suffered losses and will suffer losses including, but not limited to, loss of wages, benefits, other remuneration and emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, including but not limited to back and front pay, lost benefits and other remuneration and an additional equal amount as liquidated damages (see 29 U.S.C. § 216(b)), appropriate equitable relief (e.g., employment, reinstatement, promotion), damages for emotional distress, award of cost, attorneys' fees and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esquire
Bar No.: 74791