UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-21206-CIV-KING/SIMONTON

ROBERT JULIUS REDDISH,

    Plaintiff,
v.

EPOCA CORP. D/B/A/ BRADLEY
FOUNDATIONS, DAVID BRADLEY,
MATTHEW BRADLEY, and SCOTT
BRADLEY,

    Defendants.
_____/

## OMNIBUS ORDER ON DISCOVERY MOTIONS

This matter came before the Court for a Discovery Hearing pursuant to Plaintiff's Motion for Protective Order, ECF No. [26], Defendants' Emergency Motion to Continue Defendants' Depositions, ECF No. [27], Defendants' Motion to Compel and for Sanctions, ECF No. [28], and Plaintiff's Motion to Compel Defendants' Attendance at Depositions, Extend the Deadline for Discovery and Dispositive Motions, and for Sanctions, ECF No. [30]. The Plaintiff's response to the Defendant's Motions is included in his Motion to Compel, ECF No. [30];  the Defendants have filed a comprehensive response to the Plaintiff's Motions and reply in support of Defendants' Motions, ECF No. [40]. The Honorable James Lawrence King, United States District Judge, has referred these matters to the undersigned Magistrate Judge, ECF Nos. [29], [31]. On November 19, 2018, the undersigned held a hearing on the Parties' discovery disputes. This Order memorializes the rulings made by the undersigned at that hearing and incorporates by reference the reasons stated on the record.

I. **BACKGROUND**

This action involves claims brought by Plaintiffs Robert Julius Reddish against his former employer Epoca Corp. d/b/a Bradley Foundations and individual defendants David Bradley, Matthew Bradley, and Scott Bradley, for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., ("FLSA"), ECF No. [1]. The Plaintiff alleges that the Defendants failed to pay him full and proper overtime compensation and that they retaliated against him by constructively discharging him when he complained about not being paid overtime compensation, ECF No. [1]. According to the Plaintiff's Statement of Claim, the Plaintiff seeks unpaid overtime wages of $7,376.79 for the time period June 2015 through June 2017, as well as an equal amount in liquidated damages, ECF No. [12-1]. The Defendants have filed an Answer in which they deny all allegations of wage violation and retaliation, ECF No. [9].

Under the scheduling order in effect at the time the instant motions were filed, trial was set for March 25, 2019, the discovery deadline was November 3, 2018, and the deadline for all motions to be filed was November 8, 2018. On November 8, 2018, the Defendants filed a Motion to Extend Motion Deadline based upon the need to complete the Plaintiff's deposition, which began on October 30, 2018, but was terminated because of a dispute between the parties, ECF No. [33]. On November 9, 2018, the District Court granted in part the Defendant's Motion, ECF No. [37], and by separate order entered a new Scheduling Order, resetting the trial for June 3, 2019, ECF No. [38]. The discovery deadline has been extended to January 30, 2019, and the deadline to file all motions has been extended to February 4, 2019.

II. **DISCOVERY DISPUTE**

The instant dispute involves four inter-related motions: Plaintiff's Motion for Protective Order, ECF No. [26], Defendants' Emergency Motion to Continue Defendants' Depositions, ECF No. [27], Defendants' Motion to Compel and for Sanctions, ECF No.

[28], and Plaintiff's Motion to Compel Defendants' Attendance at Depositions, Extend the Deadline for Discovery and Dispositive Motions, and for Sanctions, ECF No. [30]. All four motions relate to the depositions of the parties which were scheduled to take place on October 30, 2018, and October 31, 2018.

### A. Plaintiff's Deposition

Plaintiff's Motion for Protective Order, ECF No. [26], and Defendants' Motion to Compel and for Sanctions, ECF No. [28], address issues arising in connection with the Plaintiff's deposition. Plaintiff's deposition commenced on October 30, 2018. During the deposition, defense counsel attempted to question the Plaintiff about 131-pages worth of documents, described by the Plaintiff as alleged pay records,[1] which Plaintiff contends had never previously been produced to the Plaintiff. The Plaintiff claims that these pay records were responsive to multiple discovery requests. Plaintiff's counsel states that he objected when defense counsel attempted to introduce the unproduced documents and gave notice that he would terminate the deposition and move for a protective order if counsel continued to try and elicit testimony regarding the unproduced documents, provided a second warning, and then terminated the deposition after defense counsel attempted to introduce the documents a third time, ECF No. [26] at ¶¶ 20-35.

The Defendants contend that Plaintiff's counsel forbade the introduction of any exhibits at Plaintiff's deposition, that the Plaintiff was evasive, and that Plaintiff's counsel was disruptive during the deposition, ECF No. [28]. The Defendants suggest that Plaintiff's counsel terminated the deposition purely because Defendants' counsel attempted to introduce exhibits, ECF No. [28] at ¶¶ 3,6,7. As regards the 131 pages of documents, the Defendants maintain that these documents were provided to their prior counsel and it was their understanding that they had been produced in response to the

---

[1] The Defendants describe the disputed document as "essentially itemized invoices for compensation to Plaintiff," ECF No. [40] at p. 5.

3

**Plaintiff's Request for Production, served on May 18, 2017. In his Motion for Protective Order, ECF No. [26], the Plaintiff states that the Defendants provided no response and produced only two documents in response to the 67 requests.[2]**

**The Plaintiff seeks a protective order preventing the Defendants from deposing the Plaintiff as to the unproduced alleged pay records, ECF No. [26]. The Defendants seek an order compelling the Plaintiff's appearance at deposition and to tax the Plaintiff with the cost of continuing his deposition, ECF No. [28]. Both sides seek their fees and costs associated with the preparation of their respective motions pursuant to FRCP 37.**

### B. Defendants' Depositions

**Defendants' Emergency Motion to Continue Defendants' Depositions, ECF No. [27], and Plaintiff's Motion to Compel Defendants' Attendance at Depositions, Extend the Deadline for Discovery and Dispositive Motions, and for Sanctions, ECF No. [30], address issues surrounding the depositions of the Defendants. The Defendants' depositions were scheduled to take place on October 31, 2018, and included depositions of the three individual defendants, and a deposition of the corporate representative of the Defendant corporation, pursuant to Rule 30(b)(6), were scheduled to take place on October 31, 2018.**

**According to the Defendant, a family health emergency arose without warning which required defense counsel to travel to New York City on October 31, 2018, necessitating the continuation of the Defendants' depositions.[3] The Defendant states that he contacted Plaintiff's counsel before the first deposition to notify him of the**

---

[2] **The Defendants are not in possession of the discovery responses previously provided to Plaintiff's counsel, nor have they been able to obtain the entire client file from previous counsel, although they are in the possession of the responses to interrogatories and requests for admissions that were prepared by the previous counsel, ECF No. [40] at ¶ 7.**

[3] **Defense counsel provided additional information regarding his family emergency to the undersigned at the hearing on November 19, 2018. The undersigned found defense counsel's account of his family emergency to be truthful and to provide a compelling need to continue the Defendants' depositions. Out of respect for the privacy of defense counsel and his family, the details of the emergency are not included herein.**

**4**

emergency and need to continue the depositions, offered to delay his flight so the first deposition could continue at 9:30 a.m., and appeared at Plaintiff's counsel's office with the deponent at 9:30 a.m.  Defendants' counsel states that the Plaintiff objected to continuing the depositions and threatened sanctions, and that Plaintiff's counsel left his office prior to 9:30, so that even the first deposition could not go forward, ECF No. [27].

According to Plaintiff, Defendants' counsel did not contact him until after the first deposition was scheduled to commence at 9:00 a.m., stated that no defendants would be appearing for deposition that day, and did not arrive at Plaintiff's office until 9:38 a.m., at which point the court reporter had already been dismissed, ECF No. [30] at ¶¶ 41-42.

The Defendants have filed a Motion to Continue their depositions, seeking to have them rescheduled for a date after the resolution of Defendants' counsel's family emergency, and seeking extension of any relevant discovery deadlines, ECF No. [27]. The Plaintiff has filed a Motion to Compel the Defendants' attendance at depositions, to extend the deadlines for discovery and dispositive motions, and for sanctions against the Defendants and their counsel pursuant to FRCP 37, to include an award of the Plaintiff's attorney's fees associated with the Defendants' cancelled October 31, 2018, depositions and the preparation of the instant motions and the costs of Court reporter attendance, ECF No. [30].

### III.     ANALYSIS

Motions to compel discovery under Rule 37(a) of the Federal Rules of Civil Procedure are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope,* 730 F.2d 729, 731 (11th Cir.1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. *See Westrope,* 730 F.2d at 731. The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be

based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *See United States v. Proctor & Gamble Co.,* 356 U.S. 677, 682, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958).

Federal Rule of Civil Procedure 37(c) "provides the consequences for a party's failure to disclose, pursuant to the requirements of Rule 26." *Nance v. Ricoh Elecs, Inc.*, 381 Fed. App'x 919, 922 (11th Cir. 2010). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Id.* (citing Fed. R. Civ. P. 37(c)(1)); *Cooley v. Great S. Wood Preserving*, 138 Fed. App'x 149, 161 (11th Cir. 2005) (same). In determining whether the failure to disclose was justified or harmless, we consider the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted. *Romero v. Drummond Co.,* 552 F.3d 1303, 1321 (11th Cir. 2008).

### A. Plaintiff's Motion for Protective Order, ECF No. [26] and Defendants' Motion to Compel and for Sanctions, ECF No. [28]

The Plaintiff has filed a motion for a protective order preventing the Defendants' from deposing the Plaintiff over 131 pages of alleged pay records that were allegedly not produced to the Plaintiff prior to October 30, 2018, ECF No. [26]. The Plaintiff argues that the Defendants are attempting to "sandbag" the Plaintiff with the documents after failing to produce them in discovery throughout the course of 1.5 years of litigation, ECF No. [26] at 5. The Plaintiff contends that that Defendants' failure to disclose the documents was in bad faith, highly prejudicial to the Plaintiff, and oppressive, ECF No. [26] at 6. At the hearing, the Plaintiff additionally sought a protective order limiting the continuation of the Plaintiff's deposition solely to 131 pages of pay records, because the Plaintiff contends that defense counsel had otherwise completed his questioning of the Plaintiff

6

and should not rewarded with a second bite at the apple as a result of the failure to timely produce the pay records.

Conversely, the Defendants have filed a motion seeking to compel the Plaintiff's appearance at deposition, ECF No. [28], in which they contend that Plaintiff was evasive, his counsel was disruptive, and that Plaintiff's counsel improperly terminated the Plaintiff's deposition because the Defendant attempted to introduce exhibits, ECF No. [28].  In his Response, the Plaintiff attacks the facts recited in the Defendant's Motion to Compel on a virtually paragraph by paragraph basis.  The Plaintiff's attacks on the Defendants' Motion, however, do not generally go to the substantive question of whether the Plaintiff should be compelled to appear and testify regarding the alleged pay records.

As previously noted, the court considers the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted in determining whether a party's failure to disclose was justified or harmless.  *Romero,* 552 F.3d at 1321.  In the instant action, the information is highly relevant to the claims at issue, as alleged pay records go directly to the substance of the Plaintiff's claim for unpaid wages.  Given that the information was produced on October 30, 2018, if not earlier, the Plaintiff and his counsel have now had over two weeks to review such information, so they will not be "sand-bagged" by the introduction of these documents at the continuation of the Plaintiff's deposition.  Whatever the reason that the documents may not previously have been produced, there has been no prejudice to the Plaintiff given the two weeks he has had to review the documents and the extension of the discovery and motion deadlines and trial date.  Therefore, the parties will cooperate to reschedule the continuation of the deposition of the Plaintiff to take place prior to the close of discovery.  The scope of the deposition will not be limited to any particular issues or documents, but defense counsel shall be limited in that the Plaintiff's deposition should not exceed seven hours in total.

Thus, unless otherwise agreed by the parties, a maximum of four hours remains for the completion of Plaintiff's deposition; the exact time can be determined by the parties based on the transcript from the October 30, 2018, deposition.

At the hearing, counsel for the Plaintiff for the first time sought relief related to additional outstanding discovery, but no motion has been previously filed to compel any outstanding discovery and, given the date the Defendants' responses were due, the deadline to file a motion to compel for much of the discovery sought by the Plaintiff has long since passed.[4] The parties, however, have reached an agreement that the Defendant will respond to all remaining outstanding discovery requests and produce all responsive documents at least 14 days prior to the continuation of the Plaintiff's deposition.

### B. Defendants' Emergency Motion to Continue Defendants' Depositions, ECF No. [27] and Plaintiff's Motion to Compel Defendants' Attendance at Depositions, Extend the Deadline for Discovery and Dispositive Motions, and for Sanctions, ECF No. [30]

On October 31, 2018, the Defendants filed a motion to continue the Defendants' depositions to a later date as a result of defense counsel's family emergency, ECF No. [27]. The Plaintiff has also filed a Motion to Compel the Defendant's depositions, ECF No. [30].[5]

---

[4] *See* Local Rule 26.1(g) ("All disputes related to discovery shall be presented to the Court by motion (or, if the Court has established a different practice for presenting discovery disputes, by other Court-approved method) within (30) days from the: (a) original due date (or later date if extended by the Court or the parties) of the response or objection to the discovery request that is the subject of the dispute; (b) date of the deposition in which the dispute arose; or (c) date on which a party first learned of or should have learned of a purported deficiency concerning the production of discovery materials. Failure to present the dispute to the Court within that timeframe, absent a showing of good cause for the delay, may constitute a waiver of the relief sought at the Court's discretion.").

[5] Plaintiff's Motion to Compel Defendants' Attendance at Depositions, Extend the Deadline for Discovery and Dispositive Motions, and for Sanctions, ECF No. [30] also sought extension of certain deadlines, but that request has been mooted by the District

The Plaintiff's Response to the Defendants' Motion to Continue, which attacks various aspects of defense counsel's actions with respect to his personal emergency, is not well taken. The Rules of Professional Conduct require attorneys to engage courteously and respectfully with another. Plaintiff's counsel's attacks on defense counsel's personal decisions with respect to his family emergency are inappropriate and unprofessional.

In any event, both parties seek to reschedule the Defendants' depositions and the Court has already extended the discovery and motion deadlines, such that ample time is available for the depositions to take place. Thus, the parties will cooperate to reschedule the Defendants' depositions to take place prior to the close of discovery.

IV. **SANCTIONS**

In their Motion to Compel and for Sanctions, ECF No. [28], seeking the continuance of the Plaintiff's deposition, the Defendants have sought an award of the fees and costs associated with the preparation of the motion, ECF No. [28]. Similarly, the only remaining issue as to Plaintiff's Motion to Compel Defendants' Attendance at Depositions, Extend the Deadline for Discovery and Dispositive Motions, and for Sanctions, ECF No. [30], is the Plaintiff's request for sanctions against the Defendants and their counsel in connection with the cancellation of their depositions.

Given the Defendants' alleged failure to produce the pay records prior to the deposition, the undersigned will not award sanctions against the Plaintiff or his counsel for the termination of the Plaintiff's deposition.

At the hearing, Plaintiff's counsel sought an award of fees for two hours of deposition preparation conducted the night before the scheduled depositions at a rate of $350.00 per hour, as well as an award of the $115.00 in court reporter costs that were

---

Court's Order Vacating Scheduling Order, ECF No. [37], and Scheduling Order, ECF No. [38].

incurred as a result of the last minute cancellation. Given the extenuating circumstances of defense counsel's family emergency and the fact that any deposition preparation conducted by Plaintiff's counsel will be applicable to the rescheduled depositions, the undersigned does not believe that an award of attorney fees is appropriate. Plaintiff is entitled, however, to an award of the court reporter fee, as that cost was incurred by the Plaintiff, through no fault of the Plaintiff's, as a result of the last-minute cancellation of the depositions by the Defendants.

II.     CONCLUSION

Accordingly, it is

**ORDERED AND ADJUDGED** that the Plaintiff's Motion for Protective Order, ECF No. [26], is **DENIED**; the Defendants' Emergency Motion to Continue Defendants' Depositions, ECF No. [27], is **GRANTED**; the Defendants' Motion to Compel and for Sanctions, ECF No. [28], is **GRANTED in PART**; and Plaintiff's Motion to Compel Defendants' Attendance at Depositions, Extend the Deadline for Discovery and Dispositive Motions, and for Sanctions, ECF No. [30] is **GRANTED IN PART** as to the request for payment of the court reporter's fee, and is otherwise **DENIED AS MOOT**. It is further

**ORDERED AND ADJUDGED** that the parties will cooperate to reschedule the continuance of the deposition of the Plaintiff and the depositions of the Defendants to take place prior to the close of discovery; the Defendants will provide any outstanding discovery responses and responsive documents to the Plaintiff at least 14 days prior to the continuation of the Plaintiff's deposition. It is further

**ORDERED** that the Defendants will pay the $115.00 court reporter fee associated with the cancelled depositions of the Defendants to Koz Law, P.A. on or before December

**19, 2018.**

      **DONE AND ORDERED in Miami, Florida, this 14th day of December, 2018.**

*/s/ Andrea M. Simonton*
**ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE**

**Copies via CM/ECF to:**
**The Honorable James Lawrence King, United States District Judge**
**All parties of record**