UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-21206-CV-WILLIAMS

ROBERT JULIUS REDDISH,

 Plaintiff,

v.

EPOCA CORP, *et al.*,

 Defendants.
_____/

# ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion to Vacate the Order Dismissing the Case and to Reopen the Case (DE 114) ("***Motion***"). Defendants filed a response in opposition to the Motion (DE 116), to which Plaintiff replied (DE 117). For the reasons that follow, the Motion is denied.

This Fair Labor Standards Act case was initiated in 2017. The Court will not recap the entire procedural history, but repeats the relevant background provided in the Court's January 25, 2023 Order (DE 113), which dismissed the case for repeated failure to adhere to deadlines set by the Court and for Plaintiff's failure to prosecute his case:

> On April 2, 2017, Plaintiff initiated this case - which was then assigned to Senior Judge James Lawrence King - under the federal Fair Labor Standards Act against Defendants and filed [] the Complaint [DE 1]. On December 4, 2019, Defendant Epoca Corp filed [] the First Motion to Continue Trial [DE 101], advising the Court that it intended to file for bankruptcy and therefore sought additional time for counsel to file a bankruptcy petition in the appropriate court. Judge King's December 4, 2019 Paperless Order granted [] the Motion to Continue [DE 101] and directed the Parties to "notify the Court of the status of the pending bankruptcy within 45 days."
>
> For nearly 18 months, this case remained dormant without any activity or filings by the Parties. Then, on April 12, 2022, Judge King filed [] the Notice of Pending Dismissal [DE 104], advising the Parties of his intent to dismiss the case for lack

> of prosecution if the Parties did not file appropriate pleadings within ten days. On April 13, 2022, Plaintiff filed the Motion to Continue/Reset Trial [DE 105], noting that Defendant Epoca Corp had not filed for bankruptcy since it claimed it was preparing a bankruptcy petition. However, Plaintiff did not advise the Court as to why he had not filed anything or otherwise prosecuted this case for nearly 18 months.[1] Notwithstanding this omission, the Motion [DE 105] was granted and a new Scheduling Order [DE 108] was entered in this case on May 3, 2022. In the time since, the Parties have not made any filings in this case or complied with any deadlines in [] the Scheduling Order, other than to file [] the Joint Stipulation for Substitution of Counsel [DE 109]. Finally, on September 14, 2022, this case was reassigned to this Court.

(DE 113.)

In his Motion (DE 114), Plaintiff requests that the Court vacate this order and reopen the case. Because the Court finds Plaintiff's explanation of his failure to prosecute the case unavailing and because Plaintiff fails to cite legal authority that would compel the Court to vacate its order of dismissal, the Court denies Plaintiff's Motion.

Plaintiff blames his lack of prosecution on the Court, stating that "the Court did not enter any order after the case was transferred from Judge King to Judge Williams . . . ." (DE 114 at 4.) Plaintiff adds that he "believed all prior deadlines were terminated because of the docket entry on September 15, 2022."[2] (*Id*.) However, that docket entry was not an Order of the Court, and although it indicated that the hearings and deadlines before Judge King were cancelled, it gave no indication that this Court would deviate from those previously set deadlines. Regardless, Plaintiff could have taken numerous actions to prosecute his case to clarify any uncertainty about the viability of the deadlines set by Judge King. Plaintiff could have moved the Court for clarification of the deadlines in the

---

[1] The lack of activity during this period was actually longer, spanning 28 months, from December 2019 (DE 101) to April 2022 (DE 105).

[2] The docket entry states, "Active Hearings Before Prior Presider Deadline(s)/Hearing(s) terminated."

wake of the reassignment of the case; Plaintiff could have sought a new scheduling order; Plaintiff could have moved for a continuance of the deadlines set by Judge King; Plaintiff could have sought a status conference before the Court. In the eight-plus months between Judge King's Scheduling Order (DE 108) and the dismissal order (DE 113), in the four-plus months between the transfer of the case to the Undersigned and the dismissal order, and after the passage of all of the dates and deadlines set by the Scheduling Order, Plaintiff did none of those things and undertook absolutely no apparent action in the case.

Plaintiff's references to other cases that were reassigned from Judge King to the Undersigned as bases for setting his expectations in this case are unpersuasive and do not excuse Plaintiff's failure to prosecute this case. Plaintiff does not raise a defense of excusable neglect or any other basis for reconsideration of a court order recognized under Federal Rule of Civil Procedure 60(b).[3]

The only legal authority Plaintiff cites in support of his Motion is the law of the case doctrine. "The doctrine of law of the case counsels against a judge's changing an earlier ruling that he made in the same case, or that his predecessor as presiding judge had made. The doctrine has greater force in the second type of case—when there is a change of judges during the litigation and the new judge is asked to revisit the rulings of his predecessor." *HK Sys., Inc. v. Eaton Corp.*, 553 F.3d 1086, 1089 (7th Cir. 2009) (citations omitted). Plaintiff argues that Judge King's Order setting forth hearing dates and

---

[3] Plaintiff's Counsel is an experienced litigator in this District and has brought hundreds of cases—including several before this Court—related to the Fair Labor Standards Act: the several avenues of action referenced above as well as invocation of Southern District of Florida Local Rule 7.1(b)(4) are known to Counsel.

deadlines "should not now be reconsidered."  Plaintiff is indeed correct.[4]  The Court's reasoning in dismissing this case for Plaintiff's failure to prosecute was based in part on the notion that the hearing dates and deadlines set forth by Judge King, which Plaintiff did not comply with, should have been considered as remaining in effect upon transfer of the case.  (*See* DE 113.)

Plaintiff complains that the dismissing of his case is effectively with prejudice because the three-year statute of limitations for bringing a case under the Fair Labor Standards Act has run.  However, "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.  The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *See Anderson v. Colvin*, No. 13-80972-CIV, 2014 WL 11516086, at *1 (S.D. Fla. Aug. 26, 2014) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 629–630 (1962)); *cf. Myles v. Green*, No. 08-20554-CIV, 2013 WL 12201091, at *4 (S.D. Fla. Jan. 30, 2013) (citing *Wabash R. Co.*, 370 U.S. at 631) ("If Plaintiff suffers no penalty for his recalcitrance and neglect, there would be little or no disincentive for him attempt to wage future litigation in a similar manner. This court must not allow such conduct to go undeterred."), *report and recommendation adopted*, No. 08-20554-CIV, 2013 WL 12201247 (S.D. Fla. Apr. 24, 2013), *aff'd*, 557 F. App'x 901 (11th Cir. 2014).

Ultimately, district courts are vested with "broad discretion . . . in managing their cases . . . [and] ensur[ing] that their cases move to a reasonably timely and orderly

---

[4] This argument undermines Plaintiff's argument that he believed all prior deadlines were canceled based on the September 15, 2022 docket entry.

conclusion." *Watts v. Club Madonna, Inc.*, 784 F. App'x 684, 687–88 (11th Cir. 2019) (holding a district court did not abuse its discretion in denying a request for an extension after a party failed to meet a deadline in the court's order) (quoting *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002)); *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) (reasoning that "we accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling"); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) (providing that "district courts enjoy broad discretion in deciding how best to manage the cases before them"); *United States v. McCutcheon*, 86 F.3d 187, 190 (11th Cir. 1996) (noting the "broad discretion which is allowed a trial court to manage its own docket"). The Court is vested with the inherent authority to manage its docket, including imposition of sanctions for failure to comply with a court order. *See Fla. Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1521 (11th Cir. 1996) (stating "[d]istrict courts have broad discretion under the Federal Rules of Civil Procedure to impose sanctions for failure to comply with court orders").

Based on foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Vacate the Order Dismissing the Case and to Reopen the Case (DE 114) is **DENIED**. This case shall remain **CLOSED**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 7th day of September, 2023.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE